# EXHIBIT

# B

8/24/2019 11:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36249609
By: Joshua Hall
Filed: 8/26/2019 12:00 AM

Certified Document Number: 86812023 - Page 1 of 9

CAUSE NO. _____

| | | |
|---|---|---|
| STEVE O. SOYEBO, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| ACCEPTANCE INDEMNITY | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Steve O. Soyebo ("Plaintiff") and files this Original Petition against Acceptance Indemnity Insurance Company ("Defendant") and, in support thereof, would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1.    Plaintiff intends to conduct discovery under Level 2. Tex. R. Civ. P. 190.3.

2.    Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(4).

### II.
### CONDITIONS PRECEDENT

3.    Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

## III.
### PARTIES, JURISDICTION AND VENUE

### A.    PARTIES.

4.    Plaintiff Steve O. Soyebo is a Texas resident(s), who resides at 9730 SW Frwy A&B, Harris County, Houston, TX 77074.

5.    Defendant Acceptance Indemnity Insurance Company is an insurance company doing business in the State of Texas. Acceptance Indemnity Insurance Company may be served through Texas Commissioner of Insurance c/o Texas Department of Insurance, via hand delivery 333 Guadalupe, Austin, Texas 78701, or via Certified Mail to Chief Clerk Office, PO Box 149104, MC 112-2A, Austin, Texas 78714-9104, with the Commissioner / TDI forwarding process to 1314 Douglas Street Suite 1600, Omaha, NE 68102.. As it relates to the event giving rise to this Petition, Plaintiff invokes the right to institute this suit against any entity that was conducting business using the assumed or common name of Acceptance Indemnity Insurance Company. Pursuant to Tex. R. Civ. P. 28, Plaintiff moves the Court to order Defendant to substitute its true name if different from the name stated herein.

### B.    JURISDICTION.

6.    The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7.    The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance

in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas.   This activity was not the unilateral activity of another party or a third person.

8.   Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities.   The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9.   The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas.   As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

## C.   VENUE.

10.   Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l).   The property subject to this dispute and which is owned by Plaintiff is located in Harris County.   The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County.   The resulting

insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Harris County.

## IV.
### FACTUAL BACKGROUND

11.    Steve O. Soyebo is a named insured under a property insurance policy issued by Acceptance Indemnity Insurance Company.  The policy number is ***5486.

12.    On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. This resulted in roof and interior damage to Plaintiff's business. Specifically, the storm caused roof damage which allowed water to enter the building. As a result, many ceiling tiles were damaged and had to be replaced. Plaintiff mitigated damages to his business by replacing various ceiling tiles. Thereafter, Plaintiff filed a claim on his insurance policy.

13.    Plaintiff asserts that Defendant improperly denied and/or underpaid the claim.

14.    Plaintiff asserts that Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15.    Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property.  In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V.
### CAUSES OF ACTION AND ATTORNEY'S FEES

16.    Plaintiff incorporates the foregoing for all purposes.

### A.    BREACH OF CONTRACT

17.    Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance claim,  wrongfully denying and/or underpaying the claim.  Defendant damaged Plaintiff through its actions and/or inactions described herein.

### B.    PROMPT PAYMENT OF CLAIMS STATUTE

18.    Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.001 *et seq.* of the Texas Insurance Code, including without limitation §§ 542.055-.058.

19.    In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to penalties, interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

### C.    BAD FAITH

20.    Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

21.    Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation, making statements misrepresenting the terms and/or benefits of the policy.

22.    Defendant also violated Section 541.060 by, without limitation:

    a.    Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

Certified Document Number: 86812023 - Page 5 of 9

Certified Document Number: 86812023 - Page 6 of 9

    c.      Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

    d.      Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

    e.      Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

23.      Defendant violated Section 541.061 by, without limitation:

    a.      Making an untrue statement of material fact;

    b.      Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    c.      Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    d.      Making a material misstatement of law; and/or

    e.      Failing to disclose a matter required by law to be disclosed.

24.      Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.      Additional Claims & Damages**.

25.      Plaintiff also seeks to recover damages and/or actual damages "caused by" Defendant's Insurance Code violations. This includes, without limitation, damages resulting from Defendant's delay in payment, resulting from Defendant's unreasonable investigation. This

includes, without limitation, costs for temporary repairs, additional property damage to Plaintiff's home during the pendency of the claims process and this litigation, costs associated with appraisal costs or sums related to pre-appraisal damage assessments.

26.     Plaintiff also seeks damages to compensate Plaintiff for the tangible and intangible consequences, suffering, stress and mental anguish of having to live with an unrepaired home for months.

### E.     ATTORNEY'S FEES

27.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

28.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29.     Plaintiff further prays that he be awarded all reasonable attorney's fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

### VII.
### TEX. R. CIV. P. 193.7 NOTICE.

31.     Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VIII.
### JURY DEMAND

32.     Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## IX.
### PRAYER

33.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: /s/ Anthony G. Buzbee
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas  77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

    AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: _/s/ Stephen R. Walker_____
    Stephen R. Walker
    State Bar No. 24001820
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 2, 2019

Certified Document Number:        86812023 Total Pages:  9

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/24/2019 11:31:59 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36249609
By: HALL, JOSHUA E
Filed: 8/26/2019 12:00:00 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION

**FILE DATE:** August 24, 2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** ACCEPTANCE INDEMNITY INSURANCE COMPANY

Address of Service: 333 Guadalupe Street

City, State & Zip: Austin, TX 78701

Agent (if applicable) Texas Commissioner of Insurance c/o Texas Department of Insurance

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper** _____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** | |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** | |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** | |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: COURT RECORD   Phone: 713227335

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Christopher Leavitt   Bar # or ID   24053318

Mailing Address: 600 Travis, Ste 7300, Houston, TX 77002

Phone Number: 713-223-5393

Certified Document Number: 86812024 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this  October 2, 2019

Certified Document Number:        86812024 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

### CAUSE NUMBER: __2019-59645_____

ATY_____          CIV___X___          COURT 165TH

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY:**   LEAVITT, CHRISTOPHER          * PH: 713-223-5393 |
| **\*CIVIL PROCESS SERVER: CRR**          BOX: 107 |
| **\*PH: 713-223-7335**_____TIME:_____ |
| **\*PERSON NOTIFIED SVC READY:** _____ |
| **\* NOTIFIED BY**: _____ |
| **\*DATE:** _____ |

Type of Service Document: Citation          Tracking Number _73662887_
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____

## Process papers prepared by: *L THOMAS*

**Date: 8-28-2019          30 days  waiting  9-28- 19**

| |
|---|
| **\*Process papers released to:** _____ |
| (PRINT NAME) |
| __2243?7_____ |
| **\*(CONTACT NUMBER)**          (SIGNATURE) |
| **\*Process papers released by:** _____ |
| (PRINT NAME) |
| **Lisa Thomas** |
| **Lisa Thomas** (SIGNATURE) |
| **\* Date:** _____ , 2019  Time:_____ AM / PM |

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

**Entire document  must be completed     (do not change this document)**  Revised 1/9/2015

Certified Document Number: 86969919 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 2, 2019

Certified Document Number:        86969919 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Marilyn Burgess - District Clerk Harris County
Envelope No. 36950866
By: Bristalyn Daniels
Filed: 9/19/2019 11:10 AM

CAUSE NO.   201959645

RECEIPT NO.

0.00     CIV

**********

TR # 73662887

| | |
|---|---|
| PLAINTIFF: SOYEBO, STEVE O | In The   165th |
| vs. | Judicial District Court |
| DEFENDANT: ACCEPTANCE INDEMNITY INSURANCE COMPANY | of Harris County, Texas |
| | 165TH DISTRICT COURT |
| | Houston, TX |

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: ACCEPTANCE INDEMNITY INSURANCE COMPANY MAY BE SERVED THROUGH THE
    TEXAS COMMISSIONER OF INSURANCE C/O TEXAS DEPARTMENT OF INSURANCE
    333  GUADALUPE STREET   AUSTIN  TX  78701

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 26th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 28th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:
LEAVITT, CHRISTOPHER JERROD
600  TRAVIS STREET SUITE 7300
HOUSTON, TX  77002
Tel: (713) 223-5393
Bar No.: 24053318

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: THOMAS, LISA  BE9//11310536

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____   copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____ County, Texas

_____
            Affiant

By _____
              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn

Certified Document Number: 87207956 - Page 1 of 2

## CAUSE NO. 2019-59645

STEVE O. SOYEBO
VS.

**IN THE 165TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

ACCEPTANCE INDEMNITY
INSURANCE COMPANY

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin TX 78768_
(SERVER'S ADDRESS)

2. ON _09/06/19_ (DATE) AT _10_ : _10_ (_A_) M (TIME)
TWO (2) DUPLICATE COPIES OF CITATION (INSURANCE COMMISSION); ORIGINAL PETITION AND $50 JURISDICTIONAL FEE came to hand for delivery to ACCEPTANCE INDEMNITY INSURANCE COMPANY MAY BE SERVED THROUGH THE TEXAS COMMISSIONER OF INSURANCE C/O TEXAS DEPARMENT OF INSURANCE.

3. ON _09/09/19_ (DATE) AT _12_ : _46_ (_P_) M (TIME) - The above named documents were delivered to: ACCEPTANCE INDEMNITY INSURANCE COMPANY MAY BE SERVED THROUGH THE TEXAS COMMISSIONER OF INSURANCE C/O TEXAS DEPARMENT OF INSURANCE by delivering to

_Micah Mireks - Designated Agent_
(NAME AND TITLE), authorized agent for service @

_333 Guadalupe St, Austin TX 78701_
(ADDRESS), by CORPORATE Service

_Barbara C. Stinnett_
**SIGNATURE**
PSC# _1181_   EXPIRATION: _07/31/20_

_Barbara C. Stinnett_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Barbara C. Stinnett_ appeared on this _09_ day of _September_ 2019 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS**

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

2019.09.408243



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 2, 2019

Certified Document Number:         87207956 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

9/27/2019 4:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37206662
By: Mercedes Ramey
Filed: 9/27/2019 4:13 PM

CAUSE NO. 2019-59645

| | | |
|---|---|---|
| STEVE O. SOYEBO | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ACCEPTANCE INDEMNITY | § | |
| INSURANCE COMPANY | § | 165TH JUDICIAL DISTRICT |

## DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ACCEPTANCE INDEMNITY INSURANCE COMPANY, Defendant in the above-styled and numbered cause and makes and files this, its Original Answer and in reply to Plaintiff's Petition, and for such answer and would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required

Certified Document Number: 87357143 - Page 1 of 4

under the Texas Insurance Code and Texas Business & Commerce Code.   TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss.  Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser.  In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination.  Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse.  Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

6.

Requests for Disclosure

At the time required by law or the Rules, these Defendant request the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
      Mikell A. West
      State Bar No. 24070832

Attorney for Defendant Acceptance
Indemnity Insurance Company

SOYEBO/AIIC – D OA - PAGE **3** OF **4**

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 27th day of September, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorneys for Plaintiff</u>*
Anthony G. Buzbee
Christopher J. Leavitt
The Buzbee Law Firm
Email: tbuzbee@txattorneys.com; cleavitt@txattorneys.com

Stephen R. Walker
Gregory J. Finney
Juan A. Solis
Law Offices of Manuel Solis, PC
Email: swalker@manuelsolis.com; gfinney@manuelsolis.com; jusolis@manuelsolis.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 2, 2019

Certified Document Number:        87357143 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/27/2019 4:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37206662
By: Mercedes Ramey
Filed: 9/27/2019 4:13 PM

CAUSE NO. 2019-59645

| | | |
|---|---|---|
| STEVE O. SOYEBO | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ACCEPTANCE INDEMNITY | § | |
| INSURANCE COMPANY | § | 165TH JUDICIAL DISTRICT |

## **DEFENDANT'S DEMAND FOR JURY**

COMES NOW, ACCEPTANCE INDEMNITY INSURANCE COMPANY, Defendant in the

above-referenced cause, and demands a trial by jury. The jury fee was previously paid by Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*_____
    Mikell A. West
    State Bar No. 24070832

ATTORNEY FOR DEFENDANT ACCEPTANCE
INDEMNITY INSURANCE COMPANY

Certified Document Number: 87357144 - Page 1 of 2

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 27th day of September, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorneys for Plaintiff</u>*
Anthony G. Buzbee
Christopher J. Leavitt
The Buzbee Law Firm
Email: tbuzbee@txattorneys.com; cleavitt@txattorneys.com

Stephen R. Walker
Gregory J. Finney
Juan A. Solis
Law Offices of Manuel Solis, PC
Email: swalker@manuelsolis.com; gfinney@manuelsolis.com; jusolis@manuelsolis.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 2, 2019

Certified Document Number:        87357144 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**